ORIGINAL

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 07 2011

Stephan Harris, Clerk
Cheyenne

UNITED STATES OF AMERICA

V.

**CRIMINAL COMPLAINT**

EMMANUEL HUITRON-GUIZAR,
aka EL CHIVO

Case No. 11-MJ-32-D

I, Christopher W. Lobato, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### COUNT ONE

On or about March 3, 2011, in the District of Wyoming, the Defendant, **EMMANUEL HUITRON-GUIZAR, aka El Chivo** being an illegal alien and unlawfully in the United States, knowingly possessed a firearm, that is, an AK-47 style assault rifle, specifically a C.N. Romarm S.A. Cugir 7.62x39mm rifle with a folding stock, serial number 1984PF6237, which had previously traveled in and affected interstate commerce.

In violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).

*(Complaint Continued - Attachment A)*

I further state that I am a Special Agent Christopher W. Lobato with Homeland Security, and that this Complaint is based on the following facts:

*(Affidavit Continued)*

Continued on the attached sheet and made a part hereof:   XX Yes     No

Signature of Complainant
**Christopher W. Lobato**

Sworn to before me and subscribed in my presence,

| March 7, 2011 | at | Cheyenne, Wyoming |
|---|---|---|
| Date | | City and State |

**Scott W. Skavdahl**
**United States Magistrate Judge**

Name & Title of Judicial Officer          Signature of Judicial Officer

## COMPLAINT - Attachment A
## EMMANUEL HUITRON-GUIZAR, aka El Chivo

### COUNT TWO

On or before March 3, 2011, in the District of Wyoming, the Defendant, **EMMANUEL HUITRON-GUIZAR, aka El Chivo,** who was then and there an alien, did knowingly and unlawfully enter the United States at a time or place other than as designated by immigration officials of the United States for entrance of immigrants into the United States.

In violation of 8 U.S.C. § 1325.

## ATTACHMENT B

### Affidavit

Your affiant, Christopher W. Lobato, is a Special Agent (SA) of the Department of Homeland Security, Homeland Security Investigations, hereafter referred to as HSI, and has been employed by HSI as a Special Agent since April 17, 2006. Prior to appointment as a Special Agent, your affiant was employed for eight years by the Immigration and Naturalization Service as a Border Patrol Agent and Supervisory Border Patrol Agent. Your affiant, based on training and experience in the investigation and enforcement of immigration, customs, and other federal laws, has reason to believe that **Emmanuel Huitron-Guizar, aka El Chivo,** is an alien illegally within the United States and who possessed firearms. The information in this affidavit is based on my personal knowledge and information provided to me by other law enforcement officers and individuals. The information in this affidavit is provided for the limited purpose of establishing probable cause and it is not a complete statement of all of the facts related to this case.

1) On or about February 28, 2011, HSI Special Agent (SA) James Hasskamp reviewed Gillette, Wyoming Police Department reports pertaining to **Emmanuel Huitron-Guizar, aka El Chivo**. These reports revealed the following:

   a. On or about February 17, 2005, Gillette, Wyoming Police Officer Daniel Stroup contacted the defendant, **Emmanuel Huitron-Guizar, aka El Chivo,** and questioned him regarding the use of a social security card in an unrelated matter. During the questioning, the defendant admitted to not having a social security card assigned to him by the Social Security Administration and that he was "not sure" if he was legally within the United States. The defendant further stated that his paperwork was pending and that they were working on fixing it. During a second interview with the defendant that occurred on or about February 18, 2005, Officer Stroup was informed by the defendant that he was born in Chihuahua, Mexico.

    b. On or about March 12, 2005, the defendant, **Emmanuel Huitron-Guizar, aka El Chivo,** was arrested for Unlawful Use of a Driver's License and was booked into, photographed, and fingerprinted at the Campbell County Jail. During the booking process, the defendant claimed to the jail staff to be a citizen of Mexico and that he was born in Chihuahua, Mexico.

    2) On, or about February 28, 2011, SA Hasskamp researched the defendant, **Emmanuel Huitron-Guizar, aka El Chivo,** in Homeland Security Investigations' databases, including the Central Index System, which is the main database that is utilized to document all persons assigned an Alien Registration Number; the CLAIMS database which is a database created and utilized by United States Citizenship and Immigration Services that tracks applications of individuals seeking an immigration benefit; and the IDENT database, which is a biometric database utilized by border patrol and immigration agents to capture fingerprints of aliens that have been arrested. SA Hasskamp, utilizing the FD-249 fingerprint card obtained from the March 12, 2005 arrest of the defendant, enrolled the fingerprints contained on the FD-249 fingerprint card into the IDENT system on a "search only" query. No records of the defendant were located in any database maintained or utilized by HSI to indicate either an adjustment of status or other petition for an immigration benefit, nor for any arrest on immigration related grounds.

    3) On or about February 23, 2011, Wyoming Division of Criminal Investigation SA Chris McDonald located an Officer Safety Notice distributed by Gillette, Wyoming Police Officer Ben Gauthier. The safety notice was meant to inform local police officers that the defendant, **Emmanuel Huitron-Guizar, aka El Chivo,** possessed an AK-47 style assault rifle and the notice displayed several pictures of the defendant posing with an AK-47 style assault rifle next to a blue GMC customized low-rider pickup truck.

    4) On or about March 1, 2011, SA Hasskamp obtained screen shots of a MySpace account with the user name of EChivo from Officer Gauthier. The main page of the MySpace account pertaining to EChivo shows that the account belongs to the defendant, **Emmanuel Huitron-Guizar, aka El Chivo,** who resides in Gillette, WY.

Other screen shots of the defendant's MySpace account show numerous photographs of the defendant posing with an AK-47 style assault rifle beside a blue GMC low-rider pickup truck.

5) On or about March 3, 2011, your affiant and other federal, state, and local law enforcement officers executed a search warrant at 2200 Daybreak Drive, Gillette, Wyoming. This is the residence of the defendant, **Emmanuel Huitron-Guizar, aka El Chivo.** During the execution of the warrant, SA Hasskamp questioned an occupant of the house, identified as Isabel Huitron-Guizar. Isabel Huitron-Guizar stated she is the defendant's sister, that the defendant resides in the house, and she identified which bedroom belonged to the defendant. Isabel Huitron- Guizar stated it is solely occupied by the defendant, and then stated that the defendant is a citizen of Mexico who is illegally within the United States.

6) On or about March 3, 2011, SA Hasskamp and other agents found a AK-47 style assault rifle, specifically a C.N. Romarm S.A. Cugir 7.62x39mm rifle with a folding stock, serial number 1984PF6237, a Charles Daly 12 gauge semi-automatic shotgun, serial number 2126463, and a Smith and Wesson, semi-automatic pistol, marked SW9VE, serial number PDY1903 within the bedroom identified as pertaining to the defendant, **Emmanuel Huitron-Guizar, aka El Chivo.** I know from experience that none of these firearms were manufactured within the State of Wyoming.

7) On or about March 3, 2011, SA Hasskamp and other agents found a pay stub from Precision Well Service, Inc. with the name of the defendant, **Emmanuel Huitron-Guizar, aka El Chivo** listed as the employee, a 2010 IRS 1040 tax form with the defendant's name on the document, and a photocopy of a Washington State driver's license with the photograph and biographical information listed on the driver's license of the defendant in the bedroom identified as being occupied by the defendant. According to SA Hasskamp, the individual depicted in this photocopied Washington State driver's license appeared to be the same individual as referenced in paragraph 10 below.

8) On or about March 3, 2011, HSI SA Cory Dunne, who had been previously provided a photograph of the defendant, **Emmanuel Huitron-Guizar, aka El Chivo** located the defendant at an oil/gas drilling site approximately 50 miles north of Gillette, Wyoming, which is within the State and District of Wyoming. In an effort to more fully determine that the individual was in fact the person being sought, SA Dunne obtained biographic information, including place of birth and citizenship status of the defendant, **Emmanuel Huitron-Guizar, aka El Chivo**. During this conversation, **Emmanuel Huitron-Guizar, aka El Chivo,** stated that he was born in Chihuahua, Mexico on November 18, 1986, which is consistent with the biographical information pertaining to **Emmanuel Huitron-Guizar, aka El Chivo,** as referenced in paragraphs 1 and 2 above of this affidavit. The defendant further stated that he was within the United States illegally. The photograph obtained from the booking process on or about March 12, 2005 appears to be of the same person as the defendant in this case.

9) On or about March 3, 2011, HSI SA Dunne provided Miranda Warnings to the defendant, **Emmanuel Huitron-Guizar, aka El Chivo**, and, after the defendant waived his right to remain silent and to have an attorney present during questioning, the defendant admitted to possessing three firearms, including an AK-47, a shotgun, and a handgun, as specifically aforementioned in paragraph 7. The defendant stated that he was not the actual owner of the firearms and that the true owner of the firearms is an individual named Armando Gutierrez-Garcia.

10) On or about March 3, 2011, SA Hasskamp, after advising the defendant, **Emmanuel Huitron-Guizar, aka El Chivo,** that he had been provided Miranda Warnings earlier by SA Dunne, was asked if he was willing to speak with your affiant. The defendant stated that he was willing to speak and admitted to purchasing all three firearms from a person the defendant identified as Armando Gutierrez-Garcia. The defendant stated that he paid $900 for the AK-47 rifle, $300 for the shotgun, and $200 for the handgun.

11)   On, or about March 4, 2011, Supervisory Immigration Enforcement Agent, Doug Carter, enrolled the fingerprints of defendant, **Emmanuel Huitron-Guizar, aka El Chivo,** in the IDENT database, which is a biometric database utilized by border patrol and immigration agents to capture fingerprints of aliens that have been arrested. No record of the defendant were located in the IDENT database maintained or utilized by HSI to indicate either an adjustment of status or other petition for an immigration benefit, nor for any arrest on immigration related grounds.

12)   Based on the foregoing facts, your affiant believes that violations of Title 8, United States Code, Section 1325, Illegal Entry, and Title 18 United States Code, Section 922(g)(5), Unlawful Possession of a Firearm by an Illegal Alien, have been committed by the defendant, **Emmanuel Huitron-Guizar, aka El Chivo.**

_____
Christopher Lobato, SA


Subscribed and sworn to before me this ___7th___ day of __March__, 2011, Casper, Wyoming.


_____
UNITED STATES MAGISTRATE JUDGE

## PENALTY SUMMARY

**DATE:** March 7, 2011

**DEFENDANT NAME:** **EMMANUEL HUITRON-GUIZAR, aka EL CHIVO**

**VICTIM:** NO

**OFFENSE AND PENALTIES:**

OFFENSE: **18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2)**
(Illegal Alien in Possession of Firearm)

PENALTIES: 0-10 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT
CLASS "C" FELONY

OFFENSE: **8 U.S.C. § 1325**
(Unlawful Entry by an Alien into the United States)

PENALTIES: 6 MONTHS IMPRISONMENT
$5,000 FINE
$10 SPECIAL ASSESSMENT
CLASS "B" MISDEMEANOR

TOTALS: 6 MONTHS TO 10 YEARS IMPRISONMENT
$255,000 FINE
3 YEARS SUPERVISED RELEASE
$110 SPECIAL ASSESSMENT

**AGENT:** SA Christopher W. Lobato/HSI     **AUSA:** TODD I. SHUGART

**ESTIMATED TIME OF TRIAL:**       **INTERPRETER NEEDED:**

✔ five days or less            ___ Yes
___ over five days             ✔ No
___ other

**THE GOVERNMENT:**

✔  will

___  will not

**SEEK DETENTION IN THIS CASE.**

✔  The court should not grant bond because the defendant is not bondable because there are detainers from other jurisdictions - ICE.